UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ivonne Vasquez, *on behalf of herself and all others similarly situated,*<br><br>                                        *Plaintiff,*<br><br>-against-<br><br>Starbucks Coffee Company,<br><br>                                        *Defendant*. | **RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Ivonne Vasquez ("Plaintiff" or "Vasquez"), on behalf of herself and all others similarly situated, for violations of the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), The New York Wage Theft Prevention Act and any other causes of action that can be inferred from the facts set forth herein, brings this action for damages and other legal and equitable relief against defendant Starbucks Coffee Company ("Defendant" or "Starbucks"), upon personal knowledge as to herself and upon information and belief as to others, and alleges as follows:

1. Plaintiff and the proposed class worked as baristas, dishwashers, and porters at Defendant's coffee shops in New York, were required to wear uniforms with Defendant's logo as well as bear the cost of maintaining and cleaning those uniforms. Defendant did not provide Plaintiff or members of the proposed class with a sufficient number of uniforms equal to their work shifts, did not offer to clean their required uniforms, and did not pay the required uniform maintenance pay.

2. Plaintiff Vasquez was employed as a barista at one of the Defendant's coffee shop locations at 684 6th Avenue, New York, New York 10010 beginning in April 2019 until April 2020 and then again at 1 Fordham Plaza, Bronx, New York 10458 from September 6, 2022 to the

present.  At all times during Plaintiff's employment, Defendant required Plaintiff to work 5-6 days per week, paid her at or near minimum wage, and required her to wear an apron and a hat in clean condition for each of her work shifts, despite providing her with just two aprons and one hat.  Defendant did not offer to launder Plaintiff's uniform and did not provide weekly uniform maintenance pay.  Defendant violated New York Code of Rules and Regulations ("NYCRR"), by not providing Plaintiff with a sufficient number of uniforms equal to her shifts and not offering to clean the required uniforms, and forcing Plaintiff to bear the time and costs of maintaining Defendant's uniforms while paying her at or near minimum wage.

**PARTIES**

3. Plaintiff Ivonne Vasquez is an adult, over eighteen years old, residing in the State of New York, Bronx County.

4. Plaintiff and the Proposed Class were, throughout their entire employment with Defendant, covered, non-exempt employees working in the hospitality industry within the meaning of the NYLL and the New York State's Department of Labor Hospitality Industry Wage Order.

5. Defendant Starbucks Coffee Company is a foreign business corporation organized and existing under the laws of the State of Washington with a principal place of business at 2401 Utah Avenue South, Seattle, Washington 98134.  Starbucks Coffee Company is the entity on Plaintiff's W2 with an address of PO Box 34442 M/S S-TAX Seattle, Washington 98124.

6. Defendant is considered a large employer, having at least 11 or more employees during the duration of Plaintiff's employment.

7. Defendant maintained control, oversight, and direction over Plaintiff and the proposed class in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

8. Defendant, by virtue of ownership, management, and control over the wages and work of Plaintiff and the proposed class, is considered an employer under the NYLL.

9. Defendant applies the same employment policies, practices, and procedures to all non-exempt workers, including baristas, porters, and dishwashers in its operation, including policies, practices, and procedures with respect to its uniform policy.

10. Defendant operates restaurants that prepare and offer food and beverage for customer consumption.

11. Defendant is an employer in the hospitality industry.

12. Defendant is considered a Fast Food Establishment as defined in the Hospitality Industry Wage Order.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

14. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since Plaintiff Vasquez resides in New York, other members of proposed class are citizens of

New York State, while Defendant is a citizen of the State of Washington with its headquarters in Washington, pursuant to § 1332(c)(1).

15. There are over 2,000 members in the proposed class.

16. Defendant is subject to personal jurisdiction in New York as it does business in New York.

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## FACTS

18. Defendant Starbucks Coffee Company operates coffee shops in New York State and throughout the world.

19. Starbucks Coffee Company has 15,444 stores in the United States, including approximately 676 stores in New York State and 241 in New York City, the majority of which are company-owned.

20. Starbucks Coffee Company had approximately $24 billion in annual revenue in 2021, 80% of which is generated by company-owned locations, and employs approximately 350,000 workers in the United States alone.

21. Starbucks Coffee Company is an employer of Plaintiff under the New York Labor Law.

22. Defendant had and continues to have the power to hire and fire the employees; supervise and control employee work schedules or conditions of employment; determine the rate and method of payment; and maintain employment records.

23. All of the below factual allegations are, upon information and belief, consistent among Plaintiff and all members of the Class.

24. To the best of Plaintiff's recollection, she worked for Defendant in New York State from around April 2019 until around April 2020, at a Starbucks location in Pennsylvania from July 5, 2022 to September 5, 2022, and then again in New York State from September 6, 2022 to the present.

25. Plaintiff worked as a barista at one of Defendant's coffee shops located at 686 6th Avenue, New York, New York, from 2019 to 2020 and then as a barista at 1 Fordham Plaza, Bronx, New York 10458.

26. Plaintiff's job duties included taking orders from customers, making coffee and other drinks, preparing food items, checking out customers at a cash register, washing dishes, and general cleaning tasks.

27. Plaintiff was required to wear a uniform at all times while employed by Defendant.

28. The uniform consisted of an apron and hat emblazoned with Defendant's Starbucks logo.

29. When Plaintiff began working for Defendant, she was provided with two aprons and one hat bearing Defendant's Starbucks logo by her supervisor, Shakeira, and told to wear the uniform to work every day.

30. At all times during Plaintiff's employment at both locations, she worked 5-6 days per week for 30-35 hours per week on average.

31. Defendant required Plaintiff and her coworkers to wear the uniform to work every shift in a clean condition.

32. Plaintiff did, in fact, wear the uniform every shift.

33. During each shift, the work performed, caused the uniform to require washing in order to be ready to be worn for the next workshift. Often, the shirt required heavy washing to address stains from grease and other food items.

34. Plaintiff paid to wash her aprons in a laundromat and engaged in daily spot cleaning by hand while at home.

35. Defendant's supervisors and shift leaders did not permit Plaintiff or her coworkers to wear visibly dirty aprons to work, nor did they offer to clean them or provide them in sufficient numbers to cover every shift that they worked.

36. Defendant threatened to write-up or otherwise discipline Plaintiff and her co-workers for wearing dirty aprons to work. If Plaintiff or a similarly situated employee arrived to work with a dirty apron, Defendant's supervisors or shift leaders would reprimand them and the employee would do their best to spot-clean the apron in the employee bathroom or risk being written up or being sent home.

37. In contrast to New York State's guidance to the Hospitality Wage Order, Defendant Starbucks Coffee Company did not provide clean aprons to Plaintiff and the proposed class free of charge, keep all of the required aprons and hats at work, and offer to clean the aprons and hats for their employees.

38. In contrast, Defendant did not launder Plaintiff's and the proposed class's required uniforms, did not offer to launder the uniforms, and instead reprimanded them for not bearing the cost and time of cleaning and maintaining the required uniforms.

39. Plaintiff's uniforms were issued by Defendants to them for the expressed benefit of Defendants and it was a condition of Plaintiff's employment to wear them in a clean condition during each shift.

40. Defendant never paid any uniform maintenance pay or reimbursement for the cost of maintaining the uniform.

41. Plaintiff was entitled to additional pay for time spent off the clock and money spent in laundering and maintaining Defendants' uniform..

42. This pattern of conduct was continuous throughout Plaintiff's employment.

43. Defendant's unlawful conduct has been widespread, repeated, and consistent.

44. Upon information and belief, Defendant does not and has not maintained records of the number of uniforms provided to their employees.

## RULE 23 CLASS ACTION ALLEGATIONS

45. The Proposed Class is defined as:

> All baristas, porters, dishwashers and other hourly employees required to wear a uniform while working for Starbucks Coffee Company in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

46. Plaintiff hereby states that the Class Period shall to the extent permitted by law be expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar order, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

47. The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

48. There are more than 2,000 class members and the Plaintiff's claims are typical of those other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

49. Plaintiff and the Proposed Class have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

50. Defendant's corporate-wide policies and practices affected everyone who worked in every store in the same way.

51. Plaintiff is able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

52. Plaintiff is represented by attorneys who are experienced and competent to bring this action.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

54. The claims of Plaintiff are typical to the claims of the Class because they are all current or former employees of Defendant who sustained damages, including underpayment of wages as a result of Defendant's common compensation policies and practices. The defenses that Defendant is likely to assert against the Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the Class.

55. Common questions of law and fact exist as to the Proposed Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> 1. Was the employee required to wear a uniform?
>
> 2. How many uniforms did the employee receive?
>
> 3. Did the Defendant ever offer to wash the uniforms?
>
> 4. Did the Defendant pay uniform maintenance fees to the employee?
>
> 5. Whether the amount of uniforms provided to Plaintiff and to each Class Plaintiff is sufficient in number?

## FIRST CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE CLASS

### *N.Y.C.R.R. Uniform Maintenance Pay Class Claim*

56. Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

57. Defendant required Plaintiff and the Class to wear a uniform consisting of apron and hat, each emblazoned with Defendant's logo.

58. Plaintiff and the Class's uniforms were issued by Defendant for the expressed benefit of Defendant and it was a condition of their employment to wear them during each shift.

59. Defendant never paid Plaintiff any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

60. Defendant failed to supply sufficient articles of uniform clothing consistent with the average number of days per week worked by Plaintiff and the Class.

61. Defendant did not, and did not offer, to, wash, iron, dry clean, alter, repair, or perform other maintenance necessary for Plaintiff's or the Class' required uniform.

62. Defendant did not maintain Plaintiff's or the Class' required uniform under the meaning of the New York Labor Law.

63. Defendant did not, and did not offer to, launder the required uniforms free of charge and with reasonable frequency, and did not inform Plaintiff or the Class in writing of such service.

64. Plaintiff and the Class's uniforms were issued by Defendant for the express benefit of Defendant and it was a condition of their employment to wear them during each shift.

65. Defendant never paid any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

66. Plaintiff's uniform required daily washing.

67. Plaintiff and the Class routinely spent time off-the-clock and money to clean and maintain their uniforms consistent with the uniform appearance standards Defendant requires.

68. Defendant never paid Plaintiff or the Class any uniform maintenance pay or reimbursement for the cost of maintaining uniforms nor did they provide them in sufficient number to cover all workshifts of in accordance with 12 N.Y.C.R.R. § 146-1.7.

69. Defendant's conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 N.Y.C.R.R. Part 146 the Minimum Wage Order.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands judgment against Defendant as follows:

a. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designation of Plaintiff Vasquez as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

c. Compensatory damages in an amount to be determined in this action;

d. Liquidated damages permitted by law pursuant to the NYLL;

e. Prejudgment and post-judgment interest;

f. Reasonable attorneys' fees and costs of the action on the basis of being the prevailing party in a NYLL action to recover wage underpayments; and

g. A jury trial on these issues to determine liability and damages;

h. Such other relief as this Court shall deem just and proper.

Dated: New York, NY
November 9, 2022

*Respectfully Submitted,*

Mohammed Gangat, Esq.
LAW OFFICE OF MOHAMMED GANGAT
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com